1

2

3

4

5

## UNITED STATES DISTRICT COURT

6

## EASTERN DISTRICT OF WASHINGTON

7

Case No.  CV-14-309-JPH

8

TASHA MAY KLING,

9

                              Plaintiff,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

10

vs.

11

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

12

13

                              Defendant.

14

15
        **BEFORE THE COURT** are cross-motions for summary judgment. ECF No.

16
14, 19. Attorney Dana C. Madsen represents plaintiff (Kling). Special Assistant

17
United States Attorney Ryan Lu represents defendant (Commissioner). The parties

18
consented to proceed before a magistrate judge. ECF No. 6. Plaintiff filed a reply.

19
ECF No. 20. After reviewing the administrative record and the briefs filed by the

20
parties, the court **grants** defendant's motion for summary judgment, ECF No. 19.

~ 1

**JURISDICTION**

Kling applied for disability insurance benefits (DIB) and supplemental security income (SSI) benefits in March 2011, alleging disability as of August 31, 2006 (Tr. 187-95). The claims were denied initially and on reconsideration (Tr. 143-49, 153-56). Administrative Law Judge (ALJ) Moira Ausems held a hearing October 9, 2012. Kling was not represented by counsel. The ALJ entered an adverse decision on March 18, 2013 (Tr. 29-43). The Appeals Council denied review July 25, 2014, making the ALJ's decision final. Kling filed this appeal pursuant to 42 U.S.C. §§ 405(g) on September 19 2014. ECF No. 1, 4.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Kling was 22 years old at onset and 28 at the hearing. She took some special education classes and has a high school education. IQ test results are 75 and 82. Plaintiff has always lived with either her mother or her sister. She has worked taking surveys and in a day care center. Initially Kling alleged physical and mental limitations but this appeal is limited to the ALJ's assessment of mental limitations (Tr. 59, 63, 351, 368, 379, 413).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments,

the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the

performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a

whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Ausems found Kling was insured through September 30, 2008. At step one she found Kling did not engage in SGA after onset (Tr. 31). At steps two and three, the ALJ found Kling suffers from morbid obesity, mild obstructive airways disease, major depressive disorder, personality disorder with avoidant and passive-aggressive features and borderline intellectual function, impairments that are severe

~ 6

but do not meet or medically equal a Listed impairment (Tr. 31-32).

The ALJ found Kling is able to perform a range of light work (Tr. 34 ). At step four, relying on the VE, she found Kling is unable to perform past relevant work (Tr. 42). At step five, she found Kling can perform other work such as cafeteria attendant, price marker and agricultural produce sorter. Accordingly, the ALJ found Kling is not disabled as defined by the Act (Tr. 43).

## ISSUES

Kling alleges the ALJ should have found she is credible and her psychological limitations are disabling. She alleges the ALJ failed to properly credit lay and medical opinions and adequately develop the record. ECF No. 14 at 11-22. Asserting that the ALJ's findings are factually supported and free of harmful legal error, the Commissioner asks this Court to affirm. ECF No. 19 at 2.

## DISCUSSION

*A. Credibility*

As noted Kling alleges the ALJ's credibility assessment is flawed. ECF No. 14 at 11-16. The Commissioner disagrees. ECF No. 19 at 6-11.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th

Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Kling alleges the ALJ failed to give clear and convincing reasons for finding her less than fully  credible. ECF No. 14 at 11. The Court agrees this is the correct legal standard. *See Lester*, 81 F.3d 834. Here, the ALJ's reasons meet this standard and are in turn supported by substantial evidence.

The ALJ found Kling less than credible for several reasons: inconsistent statements, activities inconsistent with allegedly disabling impairments, limited treatment, unexplained or inadequately explained lack of compliance with treatment and lack of supporting objective evidence  (Tr. 34-39).

*Inconsistent statements*. Kling said she never drank as a teenager or as an adult. She told another provider she first drank at thirteen and drinks every couple of months (Tr. 34, 37-39, 341, 353, 442, 473).

*Daily activities*. Kling admits at times she played with and cared for her two nephews when one was an infant and the other a toddler. She shopped for groceries, managed money, cooked, did laundry and washed dishes. She took the bus,

exercised once or twice a week, watched television, read, sent emails and played computer games. She has worked at substantial gainful activity levels in the past (Tr. 39, 369, 384, 411, 413-14, 441, 472, 474). The ALJ is correct Kling's daily activities are inconsistent with allegedly disabling mental limitations.

*Limited treatment and noncompliance with treatment*. Treatment for both mental and physical complaints has been very limited. Kling received counseling for a year and a half, apparently as a juvenile, at her foster mother's recommendation. She did not find it helpful and did not seek any mental health treatment thereafter as an adult (Tr. 351). Kling  alleges onset in August 2006. Medical records do not begin until January 2009, when Kling needed GAU  paperwork completed.

At the January 2009 appointment Diane Beernink, ARNP notes Kling took no medication and was in no apparent distress. She was attentive, cooperative, pleasant and made good eye contact. Posture was relaxed and mood even, with a normal range of affect. She was a good historian. She has had depression long term but has never taken medication for it. Ms. Beernink diagnosed reactive airways disease, allergic rhinitis and dysthymia. Allergy medication was prescribed  (Tr. 341-43, repeated at Tr. 346-48).

Kling returned five months later, in May 2009, again for a GAU evaluation. She only used an inhaler twice a week, experienced occasional wheezing and complained of itchy eyes and runny nose. The previously prescribed medication

"dried out her nose and clogged her up, so she stopped taking it for a month." There is no mention of mental impairments or complaints (Tr. 344-45, repeated at Tr. 349-50).

Kling has not always been fully compliant with treatment. She alleges noncompliance with treatment for physical complaints is irrelevant, since on appeal she challenges only the ALJ's treatment of mental limitations. ECF No. 14 at 15. This is incorrect. The ALJ is entitled to review all of the evidence and to use ordinary techniques of credibility evaluation, including considering behavior such as noncompliance with treatment as inconsistent with allegedly disabling limitations. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

*Objective evidence*. Psychological testing repeatedly showed exaggeration of psychological problems (Tr. 353, 368, 385-86, 401, 415). While Kling complained of cognitive limitations, test results showed relatively good short-term and adequate long term memory and she scored in the normal range (Tr. 35-38, 369, 384, 414). The ALJ is correct that  objective evidence does not support the degree of limitation alleged.

Although lack of supporting medical evidence cannot form the sole basis for discounting credibility, it is a factor the ALJ can consider when analyzing credibility. *Burch*, 400 F.3d at 680.

The ALJ's reasons are clear, convincing and supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct and extent of daily activities); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)(the ability to care for children may be considered when assessing credibility); *Burch*, 400 F.3d at 680 (unexplained or inadequately explained lack of consistent treatment properly considered).

The reason(s) Kling offers for re-weighing credibility are not persuasive. She alleges the ALJ's reliance on daily activities amounts to a "boilerplate credibility determination"  because the ALJ does not explain why the cited activities "could not be performed with depression symptom claims" such as plaintiff's. ECF No. 14 at 12. This misreads the ALJ's point. Kling's psychological symptom complaints have been vague. She alleged she could not work because she cannot handle being around people and has trouble learning new things (Tr. 38). Her activities belie the first, as she is able to use public transportation and shop, activities involving people, with no problems noted. And as the ALJ accurately observes, objective test results show at least adequate cognitive functioning. The ALJ's reasons are supported by more than boilerplate language.

The ALJ gave clear and convincing reasons for her credibility determination, and they are supported by substantial evidence.

*B. Weighing opinion evidence*

Kling alleges the ALJ failed to properly credit several psychologists' opinions. ECF No. 14 at 17-20. The Commissioner responds that the ALJ properly considered and discussed the evidence, including the opinions of Drs. Rosekrans, Arnold and Greene. ECF No. 19 at 13-19.

Frank Rosekrans, Ph.D., evaluated Kling three times: in November 2007 and May and October 2008. In the first evaluation he assessed a GAF of 40, indicating some impairment in reality testing or communication, or major impairment in several areas (Tr. 415). Results on the MMPI were invalid due to over-reporting. He assessed several marked and moderate limitations. He expected these to last a maximum of six months. (Tr. 379-89, 395-400, 409-18).

John Arnold, Ph.D., evaluated Kling in May 2009. She complained of anxiety and, since 1997, depression. Dr. Arnold opined test results showing over-reporting of psychological difficulties appear to be "a plea for help" rather than malingering. He assessed a GAF of 57, indicating moderate symptoms or functional difficulty. He opined Kling suffers several marked and moderate limitations and expected this level of impairment to last nine months, maximum (Tr. 363-72).

William Greene, Ph.D., evaluated Kling in April 2010. He diagnosed major depressive disorder (recurrent, moderate) and personality disorder NOS. Again results on the MMPI were invalid due to over-reporting. He assessed a GAF of 55,

indicating moderate symptoms or functional impairment. He expected this level of impairment to last a maximum of nine months (Tr. 351-62).

The ALJ also considered the October 2012 evaluation by Joyce Everhart, Ph.D. Kling took no prescribed medication. At times she appeared evasive in her answers  (Tr. 472-82).

The ALJ rejected Dr. Rosekrans's contradicted opinion, particularly the assessed GAF of 40, because it appears to be based on the rather extreme symptoms plaintiff reported during the evaluation. As the Commissioner accurately observes, plaintiff stated she "does essentially nothing." ECF No. 19 at 16, citing Tr. 40, 414. However, she told other examiners she shops in stores, manages finances, cooks and does chores (Tr. 290-92). The ALJ notes Dr. Rosekrans opined the MMPI score indicated exaggeration, malingering or extreme clinical symptoms (Tr. 40, 415). Both are specific and legitimate reasons supported by substantial evidence for rejecting Dr. Rosekrans's assessed extreme limitations. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(citing standard and noting opinions based on unreliable self-report are properly discounted).

The ALJ gave some weight to Dr. Arnold's opinions, whose more than moderate limitations included marked limitations in the ability to make decisions and exercise judgment, and in the ability to relate to coworkers and supervisors (Tr. 365). With respect to the latter, the ALJ limited plaintiff to superficial and brief

social interaction with coworkers and the public. Rather than rejecting Arnold's opinion, the ALJ translated and included this assessed limitation in the RFC.

With respect to the ability to make decisions and exercise judgment, the ALJ notes the limitation is inconsistent with plaintiff's ability to care for her two very young nephews. More importantly Dr. Arnold opined assessed limitations arise from conditions that are "quite treatable" and he did not expect them to last more than nine months. Because the assessed limitations would last no more than nine months, rather than the twelve months required by 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), the ALJ properly gave the assessment less weight. The ALJ's reasons are specific, legitimate and supported by substantial evidence.

Similarly Dr. Greene opined on a check box form limitations would last no more than nine months. The ALJ appropriately gave this opinion less weight in part because the limitations were not expected to last the requisite twelve months (Tr. 41, 355).

Even when evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

To the extent the ALJ rejected some of these contradicted opinions, she gave specific and legitimate reasons supported by substantial evidence for doing so.

*C. Lay witness testimony*

Kling alleges the ALJ failed to properly consider the testimony of her mother, Ms. Elliott. ECF No. 14 at 20. The Commissioner responds that the ALJ gave germane reasons for discrediting this opinion. ECF No. 19 at 11-13.

The ALJ rejected Elliott's opinion plaintiff has severe difficulties socializing because it is contradicted by evidence of Kling's activities, such as the ability to shop in stores, use public transportation without difficulty and work in the past (Tr. 41-42, 71, 74, 239-41, 243). This is a reason germane to the witness and supported by the evidence.

*D. Hypothetical*

Kling alleges the ALJ's hypothetical did not include all of the impairments from the opinions she adopted. ECF No. 14 at 20-21. This is another way of saying Kling disagrees with the way the ALJ weighed the evidence, an issue the court has already addressed.

*E. Duty to supplement the record*

Kling alleges the ALJ failed to adequately develop the record. She alleges that educational records, requested by counsel and forwarded to the Appeals Council, should have been obtained by the ALJ. ECF No. 14 at 21-22. The Commissioner responds that the ALJ met her duty. ECF No. 19 at 20-21.

The Commissioner is correct.

The ALJ's duty to develop the record is triggered when the evidence is

ambiguous or the record is inadequate to make a disability determination. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). If a claimant can demonstrate prejudice or unfairness as a result of the ALJ's failure to fully and fairly develop the record, the decision may be set aside. *Vidal v. Harris*, 637 F.2d 710, 713 (9th Cir. 1991). The Ninth Circuit thus places the burden of proving prejudice or unfairness on the claimant.

Kling alleges school records indicating she had a low (73) IQ and received special education should have been obtained and considered by the ALJ. However, this evidence was presented to the ALJ. Kling testified she was in special education classes and the results of IQ tests were already in the evidence considered by the ALJ. The Court finds that Kling has not met her burden of showing prejudice or unfairness.

Although Kling alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if

there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

 The ALJ's determinations are supported by the record and free of harmful legal error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 19**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 10th day of September, 2015.

*S/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE